

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM RAY BLACK, #106130                                          PETITIONER

VERSUS                                   CIVIL ACTION NO. 1:05cv444DMR-JMR

CHRISTOPHER EPPS AND JIM HOOD                                      RESPONDENTS

## OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner William Ray Black, an inmate at the Mississippi State Penitentiary, Parchman, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of armed robbery, unnatural intercourse and felony possession of a firearm in the Circuit Court of Hancock County, Mississippi, on September 8, 2004. Petitioner was sentenced to serve forty years in the custody of the Mississippi Department of Corrections. According to the Mississippi Supreme Court Clerk's Office, petitioner's direct appeal of his conviction is pending with the Mississippi Supreme Court in cause number 2005-KA-00560-COA.

The petitioner presents the following grounds for habeas relief in the instant petition: (1) conviction was obtained by evidence acquired from an unconstitutional search and seizure;(2) conviction was obtained by use of evidence derived from an unlawful arrest; (3) conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; and (4) petitioner's court appointed attorney was ineffective.

As required by Haines v. Kerner, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion. It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir.1995), cert. denied, 116 S.Ct.

1

715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process: or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999). It is clear that petitioner is in the process of exhausting his state remedies since his direct appeal is pending with the Mississippi Court of Appeals. As such, petitioner's application will be dismissed for failure to exhaust his available state remedies.

A final judgment in accordance with this opinion and order will be issued this date.

SO ORDERED, this the 28th day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE